Hart, J.
 

 The sole question here involved is whether the proper measure of damages was applied with reference to the facts developed by the evidence in this case.
 

 Counsel for both parties concede that one who recovers the full value of a motor vehicle completely destroyed by the negligent acts of another or the full value thereof less wreckage or salvage value where the vehicle is damaged beyond repair may not also recover for the loss of the use of the vehicle. The reason for this rule is that in the recovery of the full value of the vehicle, as of the date of its destruction, the owner has
 
 *84
 
 been made whole.
 
 Chambers
 
 v.
 
 Cunningham,
 
 153 Okla., 129, 5 P. (2d), 378, 78 A. L. R., 905;
 
 Cook
 
 v.
 
 Packard Motor Car Co.,
 
 88 Conn., 590, 92 A., 413; annotation, 32 A. L. R., 706; annotation, 78 A. L. R., 910; 5 American Jurisprudence, 905, Section 745;
 
 Barnes
 
 v.
 
 United Rys. & Electric Co.,
 
 140 Md., 14, 116 A., 855;
 
 Pugh
 
 v.
 
 Queal Lumber Co.,
 
 193 Iowa, 924, 188 N. W., 1;
 
 Ft. Pitt Gas Co.
 
 v.
 
 Evansville Contract Co.,
 
 123 F., 63.
 

 On the other hand, counsel for the parties substantially agree that where a motor vehicle has been damaged through the negligent acts of another only to such extent that it is reasonably capable of being repaired within a reasonable period of time after its damage, the owner may recover not only the difference in value of the vehicle immediately before and immediately after the damage, but may also recover the loss of the use of such vehicle for such reasonable period of time as is necessary to make the repairs. The reason for this rule is that in such case the owner does not recover the entire value of his car but only the depreciation caused by its damage, and while repairs are being made the greater portion of his capital investment lies idle.
 
 Antohkol
 
 v.
 
 Barber,
 
 248 Mass., 393, 143 N. E., 350, 32 A. L. R., 703;
 
 Chambers
 
 v.
 
 Cunningham, supra,
 
 annotation 78 A. L. R., 912; 5 American Jurisprudence, 907, Section 750; annotation, 4 A. L. R., 1355.
 

 Counsel for plaintiff claims that there was no proper evidence offered by the defendant, as cross-petitioner in this case, as a basis for the claimed applicability of the second rule above státed, and as a result there was no basis upon which the court was warranted in charging the jury as to the measure of damages under such rule and no basis upon which the jury could apply such rule in the estimation of damages.
 

 The charge of the court on this subject was as follows:
 

 “* *
 
 * if one party or the other is found to be én
 
 *85
 
 titled to recover damages it would be for the damage to the car and the loss of the use if that appeared as an element. Now this is the law on that: When an automobile has been damaged by the negligence of another and it can be repaired the proper measure of damages is the difference between the market value of the automobile before it was damaged and its value immediately thereafter, together with the value of the loss óf the use of it while it was being repaired. If the car cannot be repaired the measure of damages is the difference between its value before it was damaged and the value of the wreckage. If no usable value is shown in its condition after it was damaged, if it is completely destroyed, nothing can be recovered for the loss of its use. * * *”
 

 Under the cross-petition, the burden to produce the necessary evidence to make applicable the rule of damages for loss of use was clearly on the defendant. It was incumbent on him to show, in support of essential issues raised by the second cause of action of his cross-petition, that his vehicle was not so badly damaged that it could not reasonably be repaired, and that such repairs could be made within a reasonable period of time after the damage- occurred.
 

 An examination of the record discloses that there is no substantial evidence to support the claim that the damaged vehicle was reasonably repairable or that it was so repairable within a reasonable period of time. The operator of the defendant’s truck testified that because of the collision defendant’s truck was beyond repair, that the frame was beyond repair, and that the mechanics said it was beyond repair. The only other witness who testified on this subject was the defendant, Tarver, owner of the truck. He testified on cross-examination:
 

 “Q. You didn’t have it repaired, did you? A. I couldn’t repair it.
 

 
 *86
 
 “Q. No; damaged beyond repair, you might say? A. That is what they told me. I was 56 days trying to get it repaired.
 

 “Q. And you sold it for how much? A. $475. * * *
 

 “Q. And you didn’t repair the truck; you didn’t have the truck repaired? A. Oh, no, they said they couldn’t repair it, couldn’t get the parts, couldn’t get the parts, that is what they told me. •
 

 “Q. There wasn’t any damage to the body of the truck, was there? A. Well, that was all that was left, the body and the tires.
 

 “Q. The whole front end— A. The whole front end was just shattered all to pieces, even the hood was gone. * # *
 

 “Q. You never got an estimate of damage to the truck from any garage? A. No.
 

 “Q. Estimate of repairs? A. They couldn’t give me an estimate on it because they said they couldn’t get the parts,.that is why I had the City Service — I went to them and they looked at it and said no, they couldn’t give me any price.
 

 “Court: Did anybody tell you if they had the parts they could repair it or they couldn’t repair it at all? * # * A. No, they didn’t tell me that.”
 

 On redirect examination, defendant testified:
 

 “Q. Where did you go to get this truck repaired? * * * A. I went to Bergstrom the first, that is in Warren.
 

 “Q. Where else? A. He said, I will go to Youngstown, I will find out. Well, while he was gone I was talking with the City Service, I wanted them to go down — I wanted to try to get two bids to see whether they could fix it, see who could fix it up the cheapest; he went down and looked at it and said oh, I couldn’t give you a price on it.
 

 “Q. Don’t repeat the conversation, please, just were
 
 *87
 
 they able to fix it up. A. Well, he didn’t say, he said he just wouldn’t fool with it at all.
 

 “Q. Did you get any estimates at all on repairing it? A. No, neither one never did give me estimates.”
 

 The majority of the members of this court is of the opinion that the trial court erred in submitting the claim of defendant for loss of use of the truck, for the reason that there was no evidence that the damaged truck was capable of being repaired. In fact the inference to be drawn from the evidence is to the contrary.
 

 Furthermore, the trial court failed to limit the loss óf use to a period within which the truck could reasonably be repaired if it was capable of repair. On the contrary, the jury was permitted to find that there was loss of use for a period of 56 days for the reason that the defendant did not sell the wrecked car until that period of time had elapsed. This .permitted the defendant to secure a verdict for loss of use equal to the full value of the truck before it was damaged, or an income on his capital investment at the unconscionable rate of 600 per cent per annum.
 

 The judgment of the Court of Appeals is reversed •and the cause is remanded to the Common Pleas.Court for further proceedings in accordance with this opinion.
 

 Judgment reversed.
 

 Matthias, Zimmerman, Sohngen and Stewart, JJ., concur. i
 

 Weygandt, O. J., and Turnee, J., dissent.