DOWNSTATE NATIONAL BANK, f/k/a The First National Bank in Altamont, Plaintiff-Appellee, v. HAL E. ELMORE *et al.*, Defendants-Appellants.

Fifth District   No. 5—90—0599

Opinion filed February 14, 1992.

Bruce A. Burkey, of Altamont, for appellants.

Paul F. Zeman, of LeFevre, Zeman, Oldfield & Schwarm Law Group, Ltd., of Vandalia, for appellee.

PRESIDING JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendants Hal E. Elmore, Luann K. Elmore, and U.S. Mortgage Corporation appeal from a declaratory judgment of the circuit court of Effingham County in favor of plaintiff, Downstate National Bank, formerly known as the First National Bank in Altamont.

We determine the issues on appeal to be (1) whether the lien rights of a junior mortgagee can be extinguished by a foreclosure suit if a comortgagor is not made a party to this suit and the comortgagor's equity of redemption is not foreclosed, even though the junior mortgagee was made a party to the suit; (2) whether plaintiff is estopped by the prior foreclosure judgment from seeking a declaratory judgment that plaintiff's mortgage was not foreclosed as to the undivided one-half interest of the property held by the comortgagor excluded from the prior foreclosure proceeding; (3) whether plaintiff is barred from obtaining a declaratory judgment as to the scope and effect of the prior foreclosure judgment under the equitable doctrine of *laches*; (4) whether a quit-claim deed in lieu of foreclosure from a mortgagor to his first mortgagee and a subsequent conveyance by the first mortgagee to a third-party purchaser without judicial foreclosure of the second mortgage leaves the purchaser holding fee simple title subject to the second mortgage; (5) whether sanctions should be imposed upon plaintiff under section 2—611 of the Code of Civil Proce-

dure (the Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—611) for bringing an action not warranted by existing law or a good-faith argument for the extension, modification or reversal of existing law; and (6) whether the trial court properly acted within the scope of its authority under the declaratory judgment statute in entering its declaratory judgment. We affirm.

On December 13, 1978, Dennis and Earlene Berkbigler acquired title in fee simple absolute of lot 9 of Parkview Estates in the City of Altamont, County of Effingham, State of Illinois. Two days later, the Berkbiglers conveyed a purchase money mortgage to Land of Lincoln Savings & Loan Association (Land of Lincoln) in the principal sum of $62,000. The mortgage and deed were recorded on December 15, 1978. On November 26, 1982, Dennis and Earlene Berkbigler executed a second mortgage to plaintiff. The real estate in issue was the marital residence of the Berkbiglers, whose marriage was terminated by a judgment of dissolution entered September 22, 1986. The judgment ordered the property to be sold.

Before the property was sold, Land of Lincoln filed a foreclosure action, cause No. 86—CH—33, in the circuit court of Effingham County, naming Earlene Berkbigler, plaintiff and unknown owners as defendants. The complaint set forth the ownership of Dennis Berkbigler but did not name him as a defendant. On December 30, 1986, the same day the foreclosure suit was filed, Dennis Berkbigler filed a petition for voluntary bankruptcy under chapter 11 of the United States Bankruptcy Code. On January 22, 1987, plaintiff filed an answer to Land of Lincoln's complaint, admitting all material allegations. A judgment of foreclosure was entered on March 6, 1987, with a 60-day redemption period. The court found that Land of Lincoln was due a sum of $67,120.29. The judgment stated, "EARLENE CHRISTENSEN [formerly Earlene Berkbigler] is the owner of the equity of redemption."

On March 13, 1987, Dennis Berkbigler tendered an offer for deed in lieu of foreclosure to Land of Lincoln. A fully executed and recordable quit-claim deed from Dennis Berkbigler was delivered with the offer. A sheriff's sale was held April 14, 1987, and approved April 29, 1987, confirming Land of Lincoln's bid of $65,577.39 as the highest bid. The report of sale confirmed a deficiency of $2,182.50 remaining due Land of Lincoln after application of the proceeds of the sheriff's sale to the indebtedness secured by the mortgage. On June 16, 1987, a sheriff's deed to Land of Lincoln and a quit-claim deed from Dennis Berkbigler to Land of Lincoln were recorded.

Land of Lincoln listed the parcel for sale through a local real estate broker and received an offer from defendants Hal E. Elmore and Luann K. Elmore on July 15, 1988, to purchase the property for $68,500. Land of Lincoln accepted the offer on August 4, 1988, and conveyed a special warranty deed evidencing a sale to the Elmores in the sum of $68,500 on September 26, 1988. Three days later, the Elmores conveyed a purchase money mortgage to defendant U.S. Mortgage Corporation. In a letter dated June 2, 1989, plaintiff gave notice that it possessed a lien on one-half of the real estate in question, demanding payment in excess of $41,000. On July 25, 1989, plaintiff filed a complaint for declaratory judgment against the Elmores and U.S. Mortgage Corporation in cause No. 89—MR—26 in the circuit court of Effingham County. The complaint alleged (1) that plaintiff has a valid mortgage lien as to an undivided one-half interest in the subject real estate; and (2) that its interest is superior to that of U.S. Mortgage Corporation. Defendants raised two affirmative defenses: (1) estoppel by judgment in cause No. 86—CH—33; and (2) *laches*.

Plaintiff moved for summary declaratory judgment, stating: (1) the foreclosure judgment in cause No. 86—CH—33 was ineffective in adjudicating the title and interest of Dennis Berkbigler; (2) the lien on Dennis Berkbigler's equity of redemption created by the second mortgage of plaintiff was not terminated, barred, or otherwise affected by the foreclosure judgment, the sale and the order approving sale, or the sheriff's conveyance in cause No. 86—CH—33; (3) Land of Lincoln's acquisition of Dennis Berkbigler's title in interest by quit-claim deed affected a merger of title, owner's equity of redemption and the mortgage into an undivided one-half interest in the property, so that on June 6, 1987, Land of Lincoln owned an undivided one-half interest in the property, subject to the mortgage lien of plaintiff; (4) alternatively, if merger did not occur when Dennis Berkbigler's quit-claim deed was transferred to Land of Lincoln, merger did occur when Land of Lincoln conveyed title to the Elmores by special warranty deed without words of limitation or condition; and (5) plaintiff's mortgage of November 26, 1982, continues as to an undivided one-half interest in the property and is superior to the subsequent mortgage to defendant U.S. Mortgage Corporation as to an undivided one-half interest.

Defendants moved for summary judgment on grounds of estoppel by judgment and *laches*. Defendants further moved for sanctions, claiming expenses and alleging that plaintiff's actions are false, vexatious and made without reasonable inquiry whether they are well

grounded in fact or warranted by existing law or good-faith argument. The court ruled that the mortgage of plaintiff dated November 26, 1982, is a valid mortgage lien as to an undivided one-half interest in the property, and that plaintiff's mortgage is superior to that of defendant U.S. Mortgage Corporation, and the court denied defendant's motion for sanctions. Defendants appeal the judgment.

We first address whether plaintiff's lien rights as junior mortgagee were extinguished through the foreclosure suit brought by senior mortgagee Land of Lincoln against Earlene Berkbigler and plaintiff, but not against comortgagor Dennis Berkbigler. Apparently, Dennis Berkbigler agreed to transfer his undivided one-half interest in the property to Land of Lincoln by quit-claim deed, in exchange for Land of Lincoln's promise not to foreclose against him. Land of Lincoln proceeded only against Earlene Berkbigler, Dennis Berkbigler's ex-wife and comortgagor, and plaintiff, the junior mortgagee.

■■ In Illinois, a junior mortgage conveys to the mortgagee a lien on the mortgagors' equity of redemption. (*Baldi v. Chicago Title & Trust Co.* (1983), 113 Ill. App. 3d 29, 446 N.E.2d 1205.) The lien rights of a junior mortgagee cannot be extinguished if the mortgagor is not made a party, even though the junior mortgagee is a party. (*Fleisher v. Flick* (1948), 334 Ill. App. 461, 80 N.E.2d 81.) Here, Dennis Berkbigler was not made a party to the foreclosure suit, so his equity of redemption was not foreclosed. We must now determine what happened to plaintiff's lien on Dennis Berkbigler's equity of redemption. The trial court reasoned:

> "In this case, only the interest of Earlene Berkbigler (and that of Downstate National Bank as it related to Earlene Berkbigler's interest) was subject to foreclosure. If Downstate wished to pursue its lien on the equity of redemption in the foreclosure proceedings, it would have only received title to one-half the property, that of the Earlene Berkbigler interest being foreclosed and not the interest of Dennis Berkbigler which was not being foreclosed. The interest of Dennis Berkbigler in the property never having been the subject of the foreclosure proceedings, the court rules that the lien on the interest of Dennis Berkbigler in the proceedings was not before the Court in 86—CH—33."

We agree with the trial court. Since Dennis Berkbigler's interest was not foreclosed, plaintiff's lien against Dennis Berkbigler's undivided one-half interest was not extinguished by cause No. 86—CH—33.

■ We next turn to defendants' contention that plaintiff was estopped from seeking a declaratory judgment confirming that its

mortgage lien was not foreclosed as to Dennis Berkbigler's undivided one-half interest. Defendants argue that the language of the foreclosure judgment supports their contention:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that if the premises so sold shall not have been redeemed within sixty (60) days from and after the date of the Sheriff's sale authorized herein, then the Defendants and all persons claiming under them or any of them since the commencement of this suit be forever barred, foreclosed of and from all rights and equity of redemption or claim in and to said premises or any part thereof ***."

From this language defendants would have this court infer that plaintiff is barred from seeking a declaratory judgment because plaintiff was a proper party to the foreclosure action and did not challenge the judgment by direct attack. After reading the entire order, we determine that such an inference is unwarranted. Paragraph 7 of the foreclosure judgment states "that EARLENE CHRISTENSEN [formerly Earlene Berkbigler] is the owner of the equity of redemption." The language defendants direct us to in the paragraph set forth above must be interpreted in context with the antecedent paragraph naming Earlene Christensen (formerly Earlene Berkbigler) as the sole owner of the equity of redemption. With that in mind, we find no bar to the declaratory judgment action because the court presiding over the foreclosure suit did not have Dennis Berkbigler or his interest before it.

Plaintiff did not challenge the validity, force or effect of the foreclosure judgment as it relates to the undivided one-half interest in the mortgaged property in which Earlene Berkbigler held the equity of redemption, and the trial court did not declare the foreclosure judgment void or invalid. The trial court found that the proceeding filed by Land of Lincoln resulted in the judicial foreclosure and sale of an undivided one-half interest in the property jointly owned by Dennis Berkbigler and Earlene Berkbigler. Dennis Berkbigler's undivided one-half interest in the property was not before the court in the foreclosure suit. Therefore, estoppel by judgment is inapplicable. We agree. Under the doctrine of estoppel by judgment, a judgment in a former suit operates as an estoppel only where it appears on the face of the record or by extrinsic evidence that the precise question in controversy was raised and determined in the former suit. (*Skolnik v. Petella* (1941), 376 Ill. 500, 34 N.E.2d 825.) As we have already concluded, the interest of Dennis Berkbigler was not raised and determined in the foreclosure suit, nor was plaintiff's lien on Dennis

Berkbigler's interest raised and determined in the foreclosure suit. Therefore, the trial court is correct in finding defendant's claim of estoppel by judgment inapplicable to the case at bar.

■ We now turn to the issue whether the quit-claim deed in lieu of foreclosure from Dennis Berkbigler to Land of Lincoln and the subsequent conveyance by Land of Lincoln to the Elmores without judicial foreclosure of the mortgage held by plaintiff leaves the Elmores holding fee simple title subject to plaintiff's mortgage. The extinguishment of a mortgage lien upon acquisition by the mortgagee of the mortgagor's title and equity of redemption is known as the doctrine of merger. Whether a merger occurred depends on the intent of the parties. (*Chicago Title & Trust Co. v. Wolchinovesky* (1945), 326 Ill. App. 194, 61 N.E.2d 264.) Dennis Berkbigler conveyed the quit-claim deed dated March 13, 1987, to Land of Lincoln, which was recorded June 16, 1987, a date beyond the time period for redemption in the foreclosure suit. The deed contained the following language: "Subject to a mortgage in favor of the LAND OF LINCOLN SAVINGS AND LOAN ASSOCIATION ***." Although defendants argue that such language clearly shows that the parties did not intend a merger, plaintiff disagrees. Plaintiff argues that the delivery of the deed, accompanied by a written offer of deed in lieu of foreclosure, was accepted by Land of Lincoln and constituted the understanding and agreement of the parties. The offer, signed by Dennis Berkbigler, states that the deed tendered with the offer was intended as "an absolute conveyance, in effect as well as in form, and is not intended as a mortgage, trust conveyance or security instrument of any kind." The offer further states that the conveyance was in full satisfaction of all sums due the mortgagee "under the abovesaid note and mortgage." Additionally, plaintiff argues that the offer failed to mention the existence of a second mortgage, and did not in any way affirmatively state an intention to prevent or avoid the consequences of merger of lien and title; therefore, a merger occurred.

Alternatively, plaintiff argues that merger occurred when Land of Lincoln conveyed title to the Elmores by special warranty deed which contained the conveyancing words "grant, bargain and sell." Section 9 of "An Act concerning conveyances" states, in pertinent part, that when such words are employed, they are taken to mean that grantor is:

> "the lawful owner of an indefeasible estate in fee simple *** free from all incumbrances; and *** that he warrants to the grantee, his heirs and assigns, the quiet and peaceable possession of such premises, and will defend the title thereto against

all persons who may lawfully claim the same." (Ill. Rev. Stat. 1987, ch. 30, par. 8.)

We agree with the trial court's conclusion:

"If it is not sufficiently clear that by operation of law \*\*\* the mortgage interest of Land of Lincoln had merged with the interest it acquired from Dennis Berkbigler, at the time Land of Lincoln acquired the Dennis Berkbigler interest, then it is certainly clear that Land of Lincoln merged the interest by its conveyance to Hal and Luann Elmore."

We next turn to defendants' contention that sanctions should be imposed upon plaintiff under section 2—611 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—611) for bringing an action not warranted by existing law or a good-faith argument for the extension, modification or reversal of existing law. In light of our holding, any further discussion of this issue is unnecessary.

Finally, we address defendants' contention that the trial court acted beyond the scope of its authority in entering a declaratory judgment for plaintiff. In support of their argument, defendants cite *Illinois Power Co. v. Miller* (1956), 11 Ill. App. 2d 296, 137 N.E.2d 78, for the proposition that a court acting under declaratory judgment cannot interpret, define, elucidate or declare rights under a former judgment or decree. The statement is not a principle of law determined by the *Miller* court, but that of the courts of Wisconsin, Pennsylvania and Kentucky. (11 Ill. App. 2d at 302, 137 N.E.2d at 81.) The *Miller* court applies the rule to specific litigants in that case and discards its applicability without adopting it as Illinois law:

"Insofar as any part of the decision in this case attempts to define, interpret, enforce or declare rights under the condemnation suit between the Illinois Power Company and the owners of record \*\*\* we must hold it improper under the Declaratory Judgment Act. Those rights were determined and settled in the original condemnation suit. But does this mean that the court could not determine under the Declaratory Judgment Act, the rights of the Illinois Power Company, and the rights of those claiming as tenants of the lands involved in the original condemnation suit? To properly pass upon that point, we must look to the words of the Illinois Act itself. \*\*\*

\*\*\*

From a reading of the statute it is clear that there must be an actual controversy. \*\*\* 'If the complaint fails to show a controversy exists, or that the question involved is moot, the suit should be dismissed on motion. But if an actual controversy is

disclosed and is adjudicated by the court, whether upon demurrer or motion or otherwise, the suit should not be dismissed; the proper practice is for the court to enter an order declaring the rights of the parties as was done in this case. ***' [*Burgard v. Mascoutah Lumber Co.* (1955), 6 Ill. App. 2d 210, 219, 127 N.E.2d 464, 468.]" 11 Ill. App. 2d at 302-04, 137 N.E.2d at 82.

A correct interpretation of *Miller* reveals that declaratory judgment is proper if an actual controversy exists and the question involved is not moot. This issue is similar to the earlier argument defendants made that plaintiff was estopped by the former foreclosure judgment from bringing the declaratory judgment proceedings. Our holding on this issue therefore reflects our earlier holding that plaintiff was not so barred. We find that a controversy existed as to plaintiff's lien rights against the property in question, and the question was not mooted by the foreclosure action which excluded Dennis Berkbigler.

For the foregoing reasons, the summary declaratory judgment of the circuit court of Effingham County is affirmed.

Affirmed.

CHAPMAN and HOWERTON, JJ., concur.