[Cite as *Reeves v. Ohio Dept. of Transp.*, 2011-Ohio-2124.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PETER DAVID REEVES

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORT.

    Defendant

Case No. 2010-11251-AD

Clerk Miles C. Durfey

<u>MEMORANDUM DECISION</u>

{¶ 1} Plaintiff, Peter David Reeves, filed this action against defendant, Department of Transportation (ODOT), contending that his 1997 Volkswagen Jetta sedan was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition in a roadway construction area on State Route 41 (West Main Street) in the City of Springfield. Specifically, plaintiff claimed that the transmission on his car was damaged when the underside of the vehicle "made contact with a ridge on the road . . . which appeared to be part of a road construction project." Plaintiff pointed out that at the time of his claimed damage incident he was turning his car left from Troy Town Drive onto West Main Street. Plaintiff recalled that his particular described incident occurred on August 16, 2010 at approximately 10:00 p.m. Plaintiff submitted photographs (taken on August 17, 2010 during daylight hours) depicting the roadway conditions at the intersection of Troy Town Drive and West Main Street. The photographs show that Troy Town Drive and one lane of West Main Street have pavement in place while the other lane on West Main Street had been milled in

Case No. 2006-03532-AD        - 2 -           MEMORANDUM DECISION

preparation for repaving.  The transition shown in the photographs from milled to paved roadway surface appears to be minimal.  Defendant acknowledged that the roadway was milled on August 16, 2010 by ODOT contractor, Walls Brothers Asphalt Co. Inc. (Walls Brothers).  According to defendant, "the contractor only milled 1.75"" of existing roadway surface.  Plaintiff noted that the damage to his car occurred when the vehicle turned and one wheel traveled on existing pavement as the other wheel contacted with the milled roadway surface.  Plaintiff asserted that, "[t]here were no signs to warn motorists of this ridge (milled roadway) which appeared to be part of a road construction project; the area was also unlit making it impossible to see the ridge at night."  Plaintiff implied that his property damage was caused by a failure on the part of defendant's contractor to advise motorists of milled roadway conditions as well as the creation of a dangerous condition to travel by the actual milling of the roadway.

{¶ 2}  In his complaint, plaintiff requested damage recovery totaling $1,750.40. This damage request includes an amount of $600.00, the stated cost of a replacement transmission for plaintiff's 1997 Volkswagen Jetta.  Plaintiff also requested $230.40, the cost of airfare from Dayton, Ohio to Seattle, Washington.  Additionally, plaintiff requested the cost of shipping his disabled car from Ohio to Washington, $920.00.  In

support of his request for reimbursement for airfare and shipping expenses, plaintiff explained that, "I was supposed to drive my car back to Seattle on August 28th (2010), I had to fly and ship the car back." The filing fee was paid.

{¶ 3} Defendant disputed plaintiff's damage claims for airfare expenses and shipping costs to transport the disabled 1997 Volkswagen Jetta cross country from Ohio to Washington. Defendant advised that plaintiff "did not undertake to arrange for either of these expenses until well after the incident" and suggested that this court should not consider such expenses reimbursable under the context of the underlying property damage issue. Furthermore, defendant disputed plaintiff's claim of $600.00 representing estimated automotive repair expenses. Defendant related that this $600.00 claim for repairs "is only an anticipatory of estimated expense, and therefore is not compensable or ripe." Defendant further related that "[a]ll the expenses should be considered unnecessary."

{¶ 4} The preferred method of calculating damages in a claim of this type involving automotive damage is replacement rental cost of a like vehicle as well as established cost of repair of the damaged vehicle provided such costs do not exceed the difference in market value of the car before and after the damage event. See *Falter v. City of Toledo* (1959), 169 Ohio St. 238, 8 O.O. 2d 226, 158 N.E. 2d 893. Where a vehicle is damaged to the extent it is reparable within a reasonable time, the owner may also recover for the loss of the use of the car for the reasonable time necessary to make repairs. *Hayes Freight Lines v. Tarver* (1947), 148 Ohio St. 82, 35 O.O. 60, 73 N.E. 2d 192, paragraph two of the syllabus. In the instant action, plaintiff's damage claims for airfare and shipping expenses are not compensable damage elements and are

Case No. 2006-03532-AD         - 4 -         MEMORANDUM DECISION

consequently denied.

**{¶ 5}** Defendant acknowledged that the area where plaintiff's described damage event occurred was located within the limits of a working construction project under the control of ODOT contractor, Wall Brothers. Defendant also acknowledged that Wall Brothers milled the roadway surface on State Route 41 on the day of August 16, 2010. Defendant explained that the particular construction project "dealt with resurfacing with asphalt concrete on an asphalt concrete base (on State Route 41) in Miami County." Defendant asserted that Wall Brothers, by contractual agreement, was responsible for any damage occurrence mishaps within the construction zone on State Route 41, including the area where plaintiff's described incident occurred, milepost 11.54. Therefore, defendant argued that Wall Brothers is the proper party defendant in this action. Defendant implied that all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. All work by the contractor was to be performed in accordance with ODOT mandated specifications and requirements and subject to ODOT approval. Furthermore, defendant maintained an onsite personnel presence on the construction project area.

{¶ 6} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 7} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's

Case No. 2006-03532-AD          - 6 -          MEMORANDUM DECISION

contentions that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 8} Alternatively, defendant argued that neither ODOT nor Walls Brothers had any knowledge "of the pavement on SR 41 prior to plaintiff's incident." Defendant reported that the particular incident was stated to have occurred at milepost 11.54 on State Route 41 which is within the construction project limits and has an average daily traffic volume between 7,770 and 31,950. Defendant related that ODOT "records indicate that no calls or complaints were received at the Miami County Garage regarding the pavement" at milepost 11.54 prior to the incident in question despite the fact that daily traffic volume exceeds 7,000 vehicles. Defendant contended that plaintiff failed to produce evidence establishing that his property damage was attributable to any conduct on either the part of ODOT or Walls Brothers. Defendant argued that plaintiff did not offer sufficient evidence to prove his damage was caused by negligent roadway maintenance.

{¶ 9} Defendant submitted copies of the "Daily Diary Report" chronicling work

performed by ODOT contractors on the project in reference to roadway milling operations as well as traffic controls in place at the time. Submitted records show that no signs were positioned on Troy Town Drive advising motorists of the milled roadway surface on State Route 41. However, according to records signage was in place on State Route 41 where the milling project occurred. Defendant noted that the ODOT contractor milled the roadway surface 1.75" and then resurfaced the roadway with asphalt.

{¶ 10} Both ODOT and plaintiff provided a copy of a letter from Walls Brothers Safety Manager, Tim Renneker, responding to plaintiff's damage claim. Renneker maintained that all milling on State Route 41, including the surface milled on August 16, 2010 was performed in accordance with ODOT specifications and designs. Also, Renneker noted that signs advising motorists of the construction operation were in position as mandated by ODOT specifications. Renneker wrote, "[t]he Volkswagen Jetta owned and operated by you (plaintiff) has admittedly been modified from factory specifications to include a two inch (2") suspension drop in the front and a one and a half inch (1.5") suspension drop in the rear."

{¶ 11} Plaintiff filed a response insisting that his car was damaged as a proximate cause of negligence on the part of defendant in creating a hazardous roadway condition and failing to notify motorists of this dangerous created condition by posting signs. Plaintiff acknowledged that his vehicle has been modified with the suspension being lowered. However, plaintiff disputed defendant's contention that the modification on his car contributed to the damage claimed. Plaintiff submitted a photograph purportedly depicting the part of the transmission assemblage on his

Case No. 2006-03532-AD                - 8 -                MEMORANDUM DECISION

Volkswagen Jetta.  This photograph shows (by measurement) that the bottom of the depicted undercarriage of the photographed vehicle is raised approximately six inches from flat ground level.  Plaintiff explained that his damage incident occurred when he traveled from a paved roadway surface onto the milled roadway and the "driver's side wheel (of his car) made contact with the ridge and the transmission 'squatted' making heavy contact with the ridge."  Plaintiff maintained that he did not observe any sign advising him of roadway conditions when he turned onto State Route 41 and encountered the milled surface condition.  Plaintiff related that he drove "through the intersection at a normal safe speed to take the corner."  Plaintiff did not provide an estimate of the speed of his vehicle as he drove from the existing paved roadway onto the milled surface.  Plaintiff noted that if he had observed signs advising him of roadway conditions he "would have driven much more slowly in the same way as a driver would drive over a speed bump to avoid damage to the bottom of the vehicle."

**{¶ 12}** Defendant argued that the proximate cause of plaintiff's claimed damage was plaintiff's voluntary act of lowering the underbody or chassis of his vehicle. Defendant again asserted State Route 41 was maintained on August 16, 2010 in accordance with ODOT specifications.  Defendant contended that plaintiff's damage

was the result of traveling onto the milled roadway surface at an unsafe speed coupled with the modifications made to the Volkswagen Jetta. Additionally, defendant contended that plaintiff should have been aware of the construction activity on State Route 41 and taken necessary precautions to avoid damage when operating his vehicle in an area with visible conditions of a roadway under construction. Defendant maintained that lighting and signage was in place on State Route 41 on the night of plaintiff's incident. Defendant stated, "[t]here was additional lighting as this was a heavily traveled commercial area, near a freeway interchange and major state highway route." Defendant asserted that roadway conditions as created by the construction activity on State Route 41 on August 16, 2010 "should have been evident to the ordinarily reasonable and careful motorist."

{¶ 13} Generally, in order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the incident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff, in the instant claim, has alleged that the damage to his vehicle was directly caused by construction activity of ODOT's contractor on August 16, 2010. Plaintiff has not

Case No. 2006-03532-AD        - 10 -        MEMORANDUM DECISION

submitted evidence to show that the milled roadway surface was particularly dangerous or deviated from ODOT specifications.

**{¶ 14}** The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. This court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's description of the damage incident to be persuasive. The court does not find plaintiff's assertions persuasive in regard to the visibility of roadway conditions.

**{¶ 15}** Defendant may bear liability if it can be established if some act or omission on the part of ODOT or its agents was the proximate cause of plaintiff's injury. This court, as the trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

**{¶ 16}** "If any injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is

sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.   Evidence available tends to point out that the roadway was maintained properly under ODOT specifications.   Plaintiff failed to prove his damage was proximately caused by any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Vanderson v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-09961-AD, 2006-Ohio-7163; *Shiffler v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-07183-AD, 2008-Ohio-1600.

{¶ 17} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public.   *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112.   In fact, the duty to render the highway free from unreasonable risk of harm is the precise duty owed by ODOT to the traveling public both under normal traffic conditions and during highway construction projects.   See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462; *Rhodus*, 67 Ohio App. 3d 723, 588 N.E. 2d 864.   In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant or its agents maintained a known hazardous roadway condition.   See *Nicastro v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-09323-AD, 2008-Ohio-4190.   Evidence has shown that the repavement project complied with ODOT specifications.   Plaintiff has not provided evidence to prove that the roadway area was particularly defective or hazardous or unknown to motorists.   *Reed v. Ohio Dept. of*

Case No. 2006-03532-AD - 12 - MEMORANDUM DECISION

*Transp., Dist. 4*, Ct. of Cl. No. 2004-08359-AD, 2005-Ohio-615. Plaintiff has failed to provide sufficient evidence to prove that defendant was negligent in failing to redesign or reconstruct the roadway repavement procedure considering plaintiff's incident appears to be the sole incident in this area. See *Koon v. Hoskins* (Nov. 2, 1993), Franklin App. No. 93AP-642; also, *Cherok v. Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2006-01050-AD, 2006-Ohio-7168.

**{¶ 18}** It appears that the cause of the property damage claimed was the negligent driving of plaintiff. See *Wieleba-Lehotzky v. Ohio Dept. of Transp., Dist. 7*, Ct. of Cl. No. 2004-03918-AD, 2004-Ohio-4129. Plaintiff has not proven defendant maintained a hidden roadway defect. See *Sweney v. Ohio Dept. of Transp., Dist. 8*, Ct. of Cl. No. 2009-03649-AD, 2009-Ohio-6294.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263

PETER DAVID REEVES

Plaintiff

v.

OHIO DEPT. OF TRANSPORT.

Defendant

Case No. 2010-11251-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Case No. 2006-03532-AD            - 14 -            MEMORANDUM DECISION

Peter David Reeves                          Jolene M. Molitoris, Director
11270 Meadowmeer Circle                     Department of Transportation
Bainbridge Island, Washington  98110        1980 West Broad Street
                                            Columbus, Ohio  43223

RDK/laa
1/14
Filed 2/8/11
Sent to S.C. reporter 4/29/11