[Cite as *Webster v. Davis*, 2011-Ohio-1536.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

MARK WEBSTER

    Appellant

    v.

DANIEL A. DAVIS, et al.

    Appellees

C.A. No.     10CA0021

APPEAL FROM JUDGMENT
ENTERED IN THE
WAYNE COUNTY MUNICIPAL COURT
COUNTY OF WAYNE, OHIO
CASE No.    CVH 09-11-01816

DECISION AND JOURNAL ENTRY

Dated: March 31, 2011

MOORE, Judge

I.

{¶1}  On October 5, 2007, Mark D. Webster was in a motor vehicle accident with Dan Davis.  Davis was completely at fault in the accident.  Webster was taken to a hospital emergency room by EMS after the accident.  The van he was driving was towed away.

{¶2}  Davis' insurer, Progressive Preferred Insurance Company ("Progressive'), was initially unsure whether Webster's van could be repaired.  As a result, it had the van towed from the scene of the accident to Webster's home and then to a repair shop where the damage could be assessed.  It also provided Webster with a rental vehicle.

{¶3}  Progressive subsequently determined that the van was a total loss.  The adjuster notified Webster of this determination and told him that Progressive would stop paying for the rental vehicle in two days from the date of the phone call.  Progressive issued a check to pay for the rental on October 25, 2007, and later reimbursed Webster for an additional mileage charge on

the rental vehicle. After the rental vehicle provided by Progressive was returned, Webster rented another van from October 25, 2007, to November 5, 2007. He explained that the "second rental" was necessary for him to continue his employment making deliveries. Webster also relied on his sister for transportation while he looked for a replacement vehicle. The cost of the second rental vehicle was $1,126.19. Progressive did not reimburse Webster for this expense.

{¶4} On October 31, 2007, Progressive issued a check to Webster in the amount of $3158.13 representing the fair market value of the van. Neither party has disputed the propriety of this amount. According to Webster, he received the check on November 4, 2007. He cashed it soon thereafter and purchased another van. The replacement van had fewer miles on it than the totaled van, but cost $505.31 more than the amount he was given for his totaled van.

{¶5} On October 2, 2009, Webster filed a Complaint against Davis in the Wayne County Municipal Court Small Claims Division, *Webster v. Davis,* (October 2, 2009), Wayne Mun.Ct. No. CVI-09-10-0774. Webster was not represented by counsel in this action. In the form provided by the court, he stated that his complaint was for "bills not paid from auto accident" and that he claimed $2990.82 in unspecified damages with interest at a rate of 10%. On October 5, 2009, he filed a Complaint against Davis and "Progressive Claims" in the Wayne County Municipal Court, *Webster v. Davis*, (October 5, 2009), Wayne Mun.Ct. No. CVF-09-10-1617. In that Complaint, again filed pro se, he itemized the following damages:

> "30 hours @ $25/hour=$750.00 (lost wages due to time consumed for looking for vehicle replacement (rental) to use temporarily, until my vehicle was repaired/replaced.)

> $800.00 to cover pain/suffering, and interest on my credit card from van rental."

The trial court consolidated the Small Claims Division complaint with the claims in CVF-09-10-01617.

{¶6} Defendants subsequently filed a Motion for Summary Judgment. They argued that Progressive was not a proper party to the claim and that Webster was not entitled to additional damages beyond those Progressive had paid. Specifically, they argued that his property claim was limited to the fair market value of the vehicle and did not include a "second rental", the increased cost for the replacement vehicle, or additional damages for lost wages incurred while looking for a new vehicle. They further argued that Webster failed to provide evidence of any personal injury, despite repeated requests to do so. In support of their motion, they attached an affidavit of the adjuster handling the claim, copies of the checks issued to Webster, and a portion of Webster's deposition transcript.

{¶7} In his response to the motion for summary judgment, Webster argued that he sustained "personal injuries, property damage to his work truck, a second rental charge, and additional monies out of pocket for replacement vehicle." In support, he attached his own affidavit, a copy of the check for the value of the totaled van, and a copy of the receipt for the second rental. His response did not address whether Progressive was a proper party to the action.

{¶8} The trial court granted the defendants' motion for summary judgment. Without expressly stating its reasoning, the trial court entered its judgment "[b]ased upon the memoranda, the exhibits and transcripts." Webster has appealed that decision.

II.

## ASSIGNMENT OF ERROR

"THE TRIAL COURT ERRED IN GRANTING THE SUMMARY JUDGMENT OF DEFENDANTS BECAUSE THERE REMAINED TO BE LITIGATED, THE ISSUE OF NEGLIGENCE AND LIABILITY DAMAGES FOR FAULT OF THE ACCIDENT."

{¶9} Webster has argued that there were issues of material fact remaining before the trial court regarding negligence and liability damages, making summary judgment inappropriate. We disagree.

{¶10} We note that Webster has presented his arguments before the trial court and this Court pro se. With respect to pro se litigants, this Court has observed:

> "[P]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [pro se appellants] to the same standard as any represented party." (Internal citations omitted.) *Sherlock v. Myers*, 9th Dist. No. 22071, 2004-Ohio-5178, at ¶ 3.

Accordingly, while this Court has made every effort to determine and address the merits of Davis' contentions, he is subject to the same rules and procedures as if he were represented by an attorney.

{¶11} A court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.* (1983), 13 Ohio App.3d 7, 12.

{¶12} Pursuant to Civ.R. 56(C), summary judgment is proper if:

> "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327.

{¶13} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of

a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Henkle v. Henkle* (1991), 75 Ohio App.3d 732, 735.

{¶14} In his assignment of error, Webster has argued to this Court that "the issue of negligence" remained. A review of the record reveals otherwise. In their Motion for Summary Judgment, Defendants expressly stated that "[t]here is no dispute that Defendant Davis caused the accident." In their pretrial statement, they also admitted "there is no dispute that Defendant Davis caused the accident at issue." In his Brief in Opposition to Motion for Summary Judgment, Webster stated that it "is indisputable that Defendant Daniel Davis was at fault in the accident." He stated again in that document that "the fault is not at issue." Similarly, in his Appellant's Brief, he stated that "[t]here is no dispute that Defendant Davis caused the accident." Accordingly, there was no material question of fact on the issue of negligence.

{¶15} What remains for this Court then, is to determine whether there were issues of fact regarding damages. Webster has argued that summary judgment in defendants' favor was inappropriate because he was entitled to damages for "property damage to his work truck, a second rental charge and additional monies out of pocket for replacement vehicle." He has also argued that he was entitled to damages for personal injuries. In so arguing, he is not asserting that there are conflicting questions of fact for a trier of fact to determine, rather, he is claiming that, as a matter of law, he is entitled to those damages. Similarly, Defendants do not dispute the

facts giving rise to the claim for those expenditures, but rather that, as a matter of law, Webster is not entitled to those amounts as damages. Accordingly, we review this issue de novo. The Court will first address the issue of property loss.

A. Property Loss

{¶16} In their motion for summary judgment, Defendants argued that Webster was not entitled to damages for the second rental because he received the fair market value of the van, thereby compensating him for the total loss of his property. Loss of use, they contend, may be awarded as part of damages only when the item is detained for repairs and later returned.

{¶17} The Ohio Supreme Court has held that when a motor vehicle has been completely destroyed by the negligent act of another, the proper measure of damages is the full value of the vehicle less wreckage or salvage value. *Hayes Freight Lines, Inc. v. Tarver* (1947), 148 Ohio St. 82, 83. By recovering "the full value of the vehicle, as of the date of its destruction, the owner has been made whole." Id. at 83-84. Damages for loss of use are given only if the damage can be repaired within a reasonable amount of time. Id. at 84. The reason for this rule is that when the car is damaged but can be repaired, "the owner does not recover the entire value of his car but only the depreciation caused by its damage, and while repairs are being made the greater portion of his capital investment lies idle." Id.

{¶18} This Court has addressed the potential for duplication if damages for both loss of use and total value are given. *Henry v. City of Akron* (1985), 27 Ohio App.3d 369, 375. In doing so, it held that if full value has been given for property loss, loss of use damages may not be made unless the property involves real property and not personal property. In *Henry*, a family's home was destroyed due to the city's negligence. The Court determined that the family

could receive damages for both loss of use in the form of rent for temporary housing as well as an appropriation award for the value of the entire home. In so determining, it noted that

> "The city urges this court to analogize this matter to cases involving the total destruction of personal property. Under those cases, a plaintiff could not recover for the loss of use of the property. However, there is a clear distinction between the total loss of personal property, such as an automobile, and the total loss of real property, such as one's home and land. Personal property generally is replaceable relatively easily and quickly." Id. at 375. (Internal citations omitted).

Accordingly, Webster was entitled to the fair market value of the van, which he received, but not the cost of the second rental vehicle.

{¶19} Similarly, the measure of damages for his van is its fair market value at the time of the accident, not the replacement value. Webster is not entitled to the additional amount that the replacement van cost or any other costs incurred by the purchase of it.

B. Personal Injury

{¶20} In their motion for summary judgment, Defendants have also argued that Webster was not entitled to damages for personal injury because he had not produced any evidence of such injury prior to the close of discovery as set by the trial court. In response, Webster argued that he "is providing opposing counsel a copy of medical records from the emergency room, and giving notice to Defense plaintiff's intention to subpoena the treating [physician] Dr. Hrics for trial." He also stated that he would be "testifying to his injuries and providing copies of bills." As the non-moving party, Webster was not permitted to rest upon mere allegations. See *Henkle*, 75 Ohio App.3d at 735. He had a duty to point to or submit some evidentiary material that demonstrated a genuine dispute over a material fact that he had suffered physical injury. Id. Webster did not provide the trial court with copies of bills or records from an EMS service, an emergency room, or any treating physician. The assertions he made in the body of his motion in opposition that he would produce evidence in the future was not sufficient to overcome a motion

for summary judgment. Accordingly, the trial court had no evidence from which it could conclude that a question of fact existed regarding Webster's personal injury. Without such evidence, Defendants were entitled to summary judgment as a matter of law. Accordingly, Webster's assignment of error is overruled.

## III.

{¶21} Webster's assignment of error is overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, J.
<u>CONCURS</u>

BELFANCE, P. J.
<u>CONCURS IN JUDGMENT ONLY</u>

<u>APPEARANCES</u>:

MARK WEBSTER, pro se, Appellant.

CORTNEY R. OREN, Attorney at Law, for Appellees.