[Cite as *Summer v. Ohio Dept. of Transp.*, 2016-Ohio-797.]

| | |
|---|---|
| STEVEN D. SUMMER | Case No. 2015-00781-AD |
| Plaintiff | Deputy Clerk Daniel R. Borchert |
| v. | |
| | <u>MEMORANDUM DECISION</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

FINDINGS OF FACT

{¶1} Plaintiff, Steven Summers, filed a complaint against defendant, Ohio Department of Rehabilitation and Correction ("ODRC"), asserting on May 2, 2015, at approximately 9:07 p.m., he was driving on U.S. Route 23 near defendant's Marion Correctional Institution Farm ("MCIF"), when a cow owned by MCIF was on the roadway and struck plaintiff's vehicle. Due to defendant's negligence in failing to contain its cow plaintiff's vehicle, a 2004 Toyota Sienna LE, was determined a total loss. Plaintiff seeks damages in the amount of $250.00, the insurance deductible and $25.00 for the reimbursement of the filing fee which he submitted with the complaint.

{¶2} Plaintiff submitted a Traffic Crash Report filed by the Ohio State Highway Patrol dated May 2, 2015, which confirmed plaintiff's allegations.

{¶3} Defendant submitted an investigation report admitting liability and damages.

{¶4} Plaintiff did not file a response to defendant's investigation report.

CONCLUSIONS OF LAW

{¶5} Owners of cows or other domestic animals are not permitted to allow their animals to run loose on state roads. R.C. 951.02. Under Ohio law, the liability of owners of resulting damages is based upon reasonable foreseeability and negligence. *Marsh v. Koons*, 78 Ohio St. 68, 84 N.E.2d 599 (1908); *Bolton v. Barkshurst*, 40 Ohio

App. 2d 353, 319 N.E.2d 376 (6th Dist. 1973). Defendant admitted negligence for the total loss of plaintiff's vehicle.

{¶6} The owner of personal property may recover the fair market value of the property in question before the accident. See *Falter v. Toledo*, 169 Ohio St. 238, 158 N.E.2d 893 (1959); *Freeman v. Blosser*, 3rd Dist. No. 5-06-06 (October 16, 2006).

{¶7} "The Ohio Supreme Court has held that when a motor vehicle has been completely destroyed by the negligent act of another, the proper measure of damages is the full value of the vehicle less wreckage or salvage value. *Hayes Freight Lines, Inc. v. Tarver* (1947), 148 Ohio St. 82, 83. By recovering 'the full value of the vehicle, as of the date of its destruction, the owner has been made whole.' Id. at 83-84." *Webster v. Davis*, 9th Dist. No. 10CA0021, 2011-Ohio-1536, ¶17.

{¶8} R.C. 2743.02(D) in pertinent part states:

> "Recoveries against the state shall be reduced by the aggregate of insurance proceeds, disability, or other collateral recovery received by the claimant."

{¶9} Plaintiff is hereby granted judgment in the amount of $275.00, of which $250.00 represents reimbursement of his deductible and $25.00 represents reimbursement of his filing fee as compensable damages pursuant to the holding of *Bailey v. Ohio Department of Rehabilitation and Correction*, 62 Ohio Misc. 2d 19, 587 N.E.2d 90 (Ct. of Cl. 1990).

| | |
|---|---|
| STEVEN D. SUMMER | Case No. 2015-00781-AD |
| Plaintiff | Deputy Clerk Daniel R. Borchert |
| v. | |
| OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION | ENTRY OF ADMINISTRATIVE<br>DETERMINATION |
| Defendant | |

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $275.00, which includes the filing fee. Court costs are assessed against defendant.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Steven D. Summer                    Stephen Gray, Chief Counsel
98 South Chesterfield Road          Ohio Dept. of Rehabilitation and Correction
Columbus, Ohio 43209                770 West Broad Street
                                    Columbus, Ohio 43222

Filed 1/29/16
Sent to S.C. Reporter 3/2/16